Filed 5/11/22  P. v. Landis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

RICHARD HAROLD LANDIS,

     Defendant and Appellant.

E077383

(Super.Ct.No. CR59243)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Richard Landis, in pro. per.; and Laura P. Gordon, under appointment by the Court

of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Senior Assistant Attorney General, Steve Oetting and

Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Richard Harold Landis appeals the Riverside County Superior Court's summary denial of his Penal Code section 1170.126 petition seeking resentencing on a conviction for which he was sentenced under the Three Strikes Law (Pen. Code, § 667, subd. (e)(2)(A)).[1] In supplemental briefing, he requests we remand his case for recall of his sentence and resentencing pursuant to section 1171.1 because his prison term includes a prison prior enhancement that became legally invalid while his appeal was pending. He also raises a number of issues attacking the judgment, including wrongful conviction and improper classification of one of his offenses.

We affirm the denial of the section 1170.126 petition, decline the invitation to remand the matter for compliance with section 1171.1 procedures, and find the other issues he raises are not reviewable on this appeal.

## BACKGROUND

### 1. *The circumstances leading to defendant's conviction*

In 1995, a jury convicted defendant of first degree murder of Karen Beloz, who was found strangled and wrapped in a blanket in the back seat of a car that had been doused with gasoline and set on fire (§ 187, count I). (*People v. Landis* (Jan. 24, 1997, E016856) [nonpub. opn.], pp. 2-3 (*Landis I*).) The jury also convicted him of a felony violation of Vehicle Code section 2800.2 (driving in willful disregard for the safety of persons or property while fleeing from a pursuing police office, count III), and misdemeanor reckless driving in violation of Vehicle Code section 23103, subdivision

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

(a), count IV.  The trial court found true the allegations defendant had suffered a section 667.5, subdivision (b) prior prison term as well as two prior convictions for serious and violent felonies coming under the Three Strikes Law (§ 667).

In August 1995, the court sentenced defendant to a total indeterminate sentence of 101 years to life.  The sentence consisted of 75 years to life for the first degree murder conviction, a term of 25 years to life under the Three Strikes Law for the Vehicle Code section 2800.2 felony violation, and a one-year term for the prison prior stemming from a vehicle theft in 1989.

Defendant appealed the judgment and we affirmed.  (*Landis I, supra,* E016856.)

*2.  Defendant's petition for resentencing*

On November 7, 2012, section 1170.126 became effective as part of the Three Strikes Reform Act of 2012, a ballot initiative (Proposition 36) adopted by voters.  That provision authorizes recall of the sentences of persons serving an indeterminate term of imprisonment pursuant to section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2) if those persons come within the eligibility requirements of the statute. (§ 1170.126, subd. (e).)  Persons convicted of any homicide offense are not eligible for section 1170.126 relief.  (§§ 667, subd. (e)(2)(C)(iv), 1170.126, subd. (e)(3).)  The petition must be filed within two years after the effective date of the act that added section 1170.126 (that is, on or before November 7, 2014), although the trial court may consider a later petition upon a showing of good cause.  (§ 1170.126, subd. (b).)

Here, defendant, whose conviction included a homicide offense, filed his section 1170.126 petition on April 14, 2021, nearly eight years after the effective date of section 1170.126. In an ex parte hearing, the trial court denied the petition as untimely. Defendant noticed this appeal from the denial.

On appeal, defendant's counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S 738 (*Anders*). We offered defendant an opportunity to file a personal supplemental brief.

In his handwritten letter submitted in response to our invitation, defendant argues he was wrongfully convicted of murder as evidenced by exhibits attached to his brief, which he describes as "newly discovered evidence," [2] his sentence is excessive, he should be granted a *Romero* hearing, the court should exercise its discretion to strike enhancements because he has completely changed his life around while in prison, and he

[2] The exhibits consist of seven documents:
(i) a copy of two pages of reporter's transcript of what appears to be trial testimony;
(ii) two pages of transcript from the sentencing hearing;
(iii) a handwritten note on letterhead of a health care provider dated December 6, 1994, less than two months after the murder of Ms. Beloz;
(iv) a memorandum dated January 24, 1995 from an investigator to defendant's trial counsel describing an interview with defendant's mother;
(v) an undated typed "Declaration" by defendant's sister stating defendant is innocent, and that she was threatened and coerced by the police to testify, which is accompanied by a notary's acknowledgment that the sister signed a "letter" on July 2, 1998;
(vi) a memorandum dated February 2, 1995 from an investigator to defendant's trial counsel describing an interview with defendant's sister, including acts of the police described by defendant as "threats,"; and,
(vii) a synopsis apparently prepared by the trial court of the police department's report concerning the discovery of Ms. Beloz's body and subsequent investigation.

should be resentenced on the felony violation of Vehicle Code section 2800.2 because the trial court should have treated that strike as a "wobbler."

Defendant also refers to "SB 483" and asks this court to strike the one year prison prior enhancement. Senate Bill No. 483 resulted in the enactment of section 1171.1, which became effective on January 1, 2022, shortly after defendant's counsel filed a no-issues brief on his behalf. (Stats 2021, ch 728 § 3 (SB 483).) That statute renders legally invalid all prior prison term enhancements imposed before January 1, 2020 pursuant to subdivision (b) of section 667.5 except those for an enhancement resulting from a conviction for a sexually violent offense. (§ 1171.1, subd. (a).) Defendant was sentenced in 1995 and the prison prior enhancement imposed at that time pursuant to section 667.5, subdivision (b) resulted from theft of a vehicle.

## DISCUSSION

### 1. *The prior prison term enhancement*

In response to defendant's letter, we asked the parties to brief the issue whether we should remand defendant's appeal with instructions to the trial court to verify whether section 1171.1 applies to defendant and, if it does, to recall his sentence and to conduct a resentencing hearing. Both parties argue remand is appropriate. We disagree.

Section 1171.1 sets forth the procedures for recall of the sentences and resentencing of all eligible persons who are in custody. (§ 1171.1, subds. (b)-(c).) It requires the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator of each county to identify and report to the

sentencing court all defendants entitled to resentencing relief due to qualifying prison prior enhancements.  (§ 1171.1, subds. (b).)  The sentencing courts are to verify the eligibility of defendants, recall their sentence, and resentence them.  (§ 1171.1, subds. (c) & (d).)

The statute provides deadlines for compliance with its provisions.  Priority for relief must be given to those persons who have already served their base term as well as any other sentencing enhancements imposed and are currently serving the prior prison term enhancement.  (§ 1171.1, subds. (b) & (c).)  Review and resentencing for the priority group is to be completed by October 1, 2022; thereafter, review and resentencing for all other eligible persons will be undertaken, to be completed by December 31, 2023. (*Ibid.*)

The Legislature adopted the staggered schedule to minimize the impact on the trial court of the need to divert resources and disrupt provision of services in order to comply with section 1171.1 while, at the same time, ensuring those inmates who are currently serving time imposed by the now legally invalid prison prior enhancements will be provided relief first so they do not lose the benefit of the ameliorative change in the law. (See, Sen. Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021-2022 Reg. Sess.), March 3, 2021, p. 3; Sen. Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021-2022 Reg. Sess.), May 20, 2021, pp. 1, 2; see also, Sen. Com. on Public Safety, Analysis of Sen. Bill No. 483 (2021-2022 Reg. Sess.), March 3, 2021.)

Defendant, who was sentenced in 1995 to a total term of 100 years to life plus a one year prison prior enhancement, is not eligible for priority in recall and resentencing. He is assured by the terms of the statute, however, to have his sentence recalled and be resentenced by December 31, 2023, that is, well before he will begin to serve any time on account of the prison prior enhancement. Accordingly, we decline to remand for compliance with section 1171.1.

Defendant urges us to find the implementation provisions of section 1171.1 are not the exclusive means for bringing a legally invalid prison prior enhancement before the trial court, but are simply directives for CDCR. He argues remand of the matter for resentencing is required because a legally invalid prison prior enhancement has been brought to the court's attention.

Defendant is correct that an unauthorized sentence is subject to correction whenever it comes to the attention of a trial or reviewing court. (*E.g., People v. Chagolla* (1983) 144 Cal.App.3d 422, 434). But, he does not cite, and we have not found, authority that requires immediate correction of a sentence in a case like the present one in which the Legislature has provided a statutory mechanism that cures the problem by providing for certain recall and resentencing in an orderly and timely fashion that does not result in any prejudice to defendant.

That statutory mechanism also causes us to reject the People's argument that, since defendant's appeal is already before us, considerations of judicial efficiency weigh in favor of remand for compliance with the section 1171.1 procedures. While it may well

be judicially economical to instruct the court to comply with section 1171.1 if there was some other need for it to make sentencing decisions on remand, that is not the case before us. Here, there are no sentencing or other errors in the order that is the subject of defendant's appeal and defendant does not come within the class of inmates entitled to priority recall and resentencing pursuant to section 1171.1. It would, therefore, undermine the purposes of the staggered statutory deadlines to require the trial court at this premature juncture to verify defendant's eligibility, recall his sentence, and conduct a resentencing hearing solely on account of the prison prior enhancement.

2. *Defendant's remaining issues*

Defendant's complaints concerning his conviction, the length of his sentence, and the trial court not treating the felony Vehicle Code violation as a misdemeanor are all challenges to the judgment. He did not raise those issues in his appeal from the judgment and the time for seeking review of them has long since passed. (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after rendition of the judgment or the making of the order being appealed].)

The attachments to defendant's brief, which he deems "newly discovered evidence" of his innocence, were not presented to the trial court as part of his section 1170.126 petition. The proper vehicle for undertaking a challenge to his conviction based upon any evidence that defendant believes is material to his case and which he could not, with reasonable diligence, have discovered and produced at trial, is to file in the superior court a motion for a new trial pursuant to section 1181.

8

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                      P. J.

We concur:

McKINSTER_____
                      J.

RAPHAEL_____
                      J.